UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JENNIFER MCPHERSON,

                      Plaintiff,                           **REPORT AND RECOMMENDATION**
                                                                **19 CV 7139 (GRB) (LB)**

    -against-

LOUIS DEJOY, POSTMASTER GENERAL,

                      Defendant.
------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

        *Pro se* plaintiff Jennifer Mcpherson brings this employment discrimination case against Louis DeJoy, Postmaster General of the United States ("defendant"), under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq.* Plaintiff alleges that defendant discriminated against her by terminating her, failed to accommodate her disability, subjected her to unequal terms and conditions of employment, and retaliated against her. Complaint (hereinafter "Compl."), ECF No. 1. Defendant moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), arguing that the Court lacks subject matter jurisdiction and that plaintiff fails to state a claim upon which relief can be granted. ECF No. 17. The Honorable Gary R. Brown referred the motion to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, I respectfully recommend that defendant's motion should be granted in part and denied in part.

## BACKGROUND

Plaintiff began working for the United States Postal Service ("USPS") as a mail handler in 2006. Complaint, ECF No. 17-3 ¶ 1.[1] In April of 2014, plaintiff requested a reasonable accommodation to work during the day instead of at night. Id. Plaintiff was given a day job as a custodian in a different location. Id. Plaintiff states that she was not wanted at the new location, and that her supervisor, Chuck Martin, was "combative and hard to work with." Id. ¶¶ 2–4. Plaintiff began to experience symptoms of kidney disease. Id. ¶ 5. She alleges that Martin would belittle her for taking time off of work because of her health. Id. Plaintiff alleges she nearly fainted on the job due to high blood pressure, and when Martin heard this he yelled "I'm sick of her ain't nothing wrong with her she's always calling out sick I'm sick of it and I'm sick of her," which scared plaintiff and made her feel "horrible." Id. ¶ 7. In July of 2017, plaintiff alleges that Martin took the handle off of her vacuum while she was in the bathroom, and then later accused her of abandoning her vacuum for two hours. Id. ¶ 9. Plaintiff states that Martin's behavior was giving her "panic and anxiety attacks every day." Id. Because of Martin's conduct and after learning that she was in kidney failure, plaintiff returned to therapy in November or December of 2017.[2] Id. ¶¶ 10, 11. In January of 2018, plaintiff's therapist told her that her "mental illness of anxiety depression and bipolar disorder was exacerbated by the stress of [her] renal disease and stress at work." Id. ¶ 11. Plaintiff did not return to work after November 2017. Plaintiff's Memorandum in Opposition (hereinafter "Opp'n"), Point IV, ECF No. 17-9.

On December 12, 2017, plaintiff received a letter from defendant requesting the reason for her absence and requesting her to attend a pre-disciplinary interview ("PDI"). Compl. ¶ 12.

---

[1] Plaintiff does not number the paragraphs of her complaint. See Compl., ECF No. 1. Defendant's instant motion attaches a copy of plaintiff's complaint with the paragraphs numbered. ECF No. 17-3. Therefore, I refer to the numbered paragraphs in the copy of plaintiff's complaint attached to defendant's motion throughout this Report.
[2] Plaintiff's complaint is unclear regarding when she started therapy. See Compl. ¶¶ 10, 11.

2

Plaintiff called Martin that same day and told him that she could not participate in the PDI because she was ill and her anxiety and depression had "gotten the best of [her]." Id. Plaintiff began seeing a specialist at the Advanced Center for Psychotherapy in January 2018, and in February 2018 the psychotherapy center sent USPS a letter explaining that plaintiff was a patient. Id. ¶ 14. On February 16, 2018, USPS's occupational nurse, Margaret Mais, told plaintiff that the letter was not sufficient to explain her absence, and on February 26, 2018, plaintiff's psychotherapist sent a more detailed letter. Id.

Sometime between February 2018 and April 2018 plaintiff was diagnosed with end stage renal disease. Id. ¶ 15. She was "bedridden" and "going back and forth to the emergency room." Id. On April 24, 2018, plaintiff contacted Mais about her diagnosis and on May 24, 2018, Martin contacted plaintiff and instructed her to return to work or provide acceptable documentation to explain her absence. Id. ¶¶ 15–16. On June 15, 2018 plaintiff was instructed to attend another PDI. Id. ¶ 17. Plaintiff was unable to contact USPS between May 24 and June 15 because her health had taken a "turn for the worst, [sic]" but she spoke to Martin on June 21, 2018. Id. ¶ 18. Martin said that plaintiff needed to provide a doctor's note, and plaintiff informed him that she had an appointment with her doctor upcoming in July and could obtain a doctor's note then. Id. ¶¶ 18–19. Instead, plaintiff received a letter from Martin on July 2, 2018 informing her that she was being charged with continuous absence without leave and abandoning her position, and that she would be terminated from her position effective August 8, 2018. Id. ¶ 20.

Plaintiff was hospitalized from July 11, 2018 to August 1, 2018 and on August 22, 2018 plaintiff went into kidney failure and was rushed to the hospital to receive a hemodialysis catheter and to start emergency dialysis. Opp'n, Point IV; Compl. ¶ 23. Plaintiff was again admitted to the hospital on September 7, 2018 with viral meningitis. Id. ¶ 24. Plaintiff received dialysis treatment

3

three days a week until she was able to receive a kidney donation from her mother on January 22, 2019. Id. ¶ 39. Plaintiff states that after the kidney transplant, she did not have the strength to go through with the formal EEO process until May 16, 2019. Id.

Plaintiff's doctors told her she would be physically able to return to work on December 1, 2019. However, on June 11, 2019, USPS management and plaintiff's union settled plaintiff's grievance and required her to return to work on September 3, 2019. Plaintiff did not return to work because of her health. Id. ¶¶ 31–32. Plaintiff's complaint states that a male colleague took six months of paid illness leave with no negative consequences and alleges that defendant failed to give her a similar accommodation because of her race and gender. Id. ¶¶ 26, 28.

Plaintiff's EEO charge alleged that defendant discriminated against her on July 2, 2018 and June 11, 2019 based on her race (African-American), sex (female), and disability ("kidney failure/bi-polar"). EEO Complaint of Discrimination in the Postal Service ("EEO Charge"), ECF No. 17-5. The EEOC denied plaintiff's claim regarding receipt of her termination letter on June 2, 2018 on the basis that it was not timely filed. Dismissal of Formal EEO Complaint ("EEOC Decision"), ECF No. 17-6. [3] The EEOC also ruled that plaintiff's claim relating to the June 11, 2019 settlement was a collateral attack on the settlement reached between plaintiff's union and USPS management, and the EEOC process was not the proper forum for such a claim. Id.

## PROCEDURAL HISTORY

Plaintiff requested pre-complaint processing with the EEOC on May 16, 2019, and on August 27, 2019 she filed a formal complaint of discrimination with the agency. EEOC Decision, ECF No. 17-6. Plaintiff received the EEOC's decision dismissing her claims on September 24,

---

[3] While not attached to the complaint, the Court takes judicial notice of plaintiff's EEO charge and the EEOC determination because these documents are referenced by plaintiff in her complaint and are integral to plaintiff's claims. Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001) (considering plaintiff's affidavit submitted to the EEOC as an "integral part of her pleadings").

2019. Id. Plaintiff timely filed this action on December 19, 2019. ECF No. 1. Defendant now moves to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim. ECF No. 17.

## LEGAL STANDARD

### I. Dismissal Under 12(b)(1) and 12(b)(6)

The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and for a motion to dismiss under Rule 12(b)(6) for failure to state a claim are substantively identical. Moore v. PaineWebber, Inc., 189 F.3d 165, 169 n.3 (2d Cir. 1999). On a motion to dismiss under 12(b)(1), however, the party invoking the court's jurisdiction bears the burden of proof to show that subject matter jurisdiction exists, while the movant bears the burden of proof on a motion to dismiss under Rule 12(b)(6). Philadelphia Indemnity Insurance Company v. Indian Harbor Insurance Company, 434 F. Supp. 3d 4, 9 (E.D.N.Y. 2020) (citations omitted). A court reviewing a motion to dismiss must accept all factual allegations in the complaint as true and draw all reasonable inferences in the non-movant's favor. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007); Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

To survive a motion to dismiss, plaintiff must do more than allege facts that are "merely consistent with a defendant's liability," id., or "speculative," Twombly, 550 U.S. at 555; they must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). If a plaintiff does not "nudge[] [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Twombly, 550 U.S. at 570. The Court has the "obligation to construe pro se

5

complaints liberally, even as [it] examine[s] such complaints for factual allegations sufficient to meet the plausibility requirement." Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (citation omitted). "It is well-established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (citations omitted); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted).

In deciding a motion to dismiss, the Court may consider, in addition to the complaint, documents attached to the complaint, documents incorporated by reference therein, or documents that the complaint "relies heavily upon" and are "integral" to the complaint, even if not incorporated by reference. Chambers, 282 F.3d at 152–53.

## DISCUSSION

Defendant argues that the Court lacks subject matter jurisdiction over plaintiff's claims for two reasons: (i) plaintiff cannot bring an ADA claim against the Postal Service and (ii) plaintiff cannot bring claims in this action that she did not first raise to the EEOC. Defendant's Memorandum in Support of the Motion to Dismiss (hereinafter "Memo."), ECF No. 17-2 at 9–11. Defendant also argues that plaintiff's complaint fails to state a claim upon which relief can be granted because she failed to exhaust her administrative remedies by not bringing her EEO charge within the statutorily prescribed time limit. Id. at 12–13. Plaintiff addresses defendant's first argument by stating that as a *pro se* litigant, she did not know that the ADA was not the proper statute for her claim. Opp'n, Point I. Plaintiff does not specifically address defendant's second jurisdictional argument but her complaint and opposition to the instant motion allege that her

6

physical and mental disabilities rendered her incapacitated, and therefore she was unable to timely file her EEO charge. Compl. ¶ 39; Opp'n, Points III, IV. The Court construes plaintiff's allegations as a request for equitable tolling.

### I.    Jurisdiction

As an initial matter, defendant is correct that plaintiff may not bring suit against the Postal Service under the ADA. The ADA does not apply to the United States or a corporation wholly owned by the United States. 42 U.S.C. § 12111(5)(B)(i). Postal Service employees must instead bring suit for disability discrimination under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, the exclusive remedy for such cases. See Rivera v. Heyman, 157 F.3d 101, 103 (2d Cir. 1998) ("As a federal employee, [plaintiff] has no remedy for employment discrimination under the ADA . . . [h]is sole claim for discrimination on the basis of disability is under the Rehabilitation Act."). The Rehabilitation Act provides, in relevant part: "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be . . . subjected to discrimination . . . under any program or activity conducted by . . . the United States Postal Service." 29 U.S.C. § 794(a). Therefore, while defendant's motion to dismiss plaintiff's ADA claims on the basis of sovereign immunity should be granted, the Court liberally construes plaintiff's *pro se* complaint as stating a disability discrimination claim under the Rehabilitation Act. See, e.g., Bethea v. Potter, 08 Civ. 2789, 2010 WL 423105, at *6 (S.D.N.Y. Feb 5, 2010) (construing plaintiff's *pro se* complaint as stating a claim under the Rehabilitation Act rather than the ADA).[4]

Defendant next argues the Court does not have jurisdiction to hear any claims raised in plaintiff's complaint that were not raised in her EEO charge. Memo at 11. Plaintiff's EEO charge raises allegations of discrimination based on her race, sex, and disability (kidney failure/bi-polar

---

[4] The Clerk of Court is directed to send plaintiff the attached copies of all the unreported cases cited herein.

7

disorder), and describes the discrimination as taking place on July 2, 2018 (the notice of termination letter, effective August 8, 2018) and June 11, 2019 (the unfavorable settlement between USPS and plaintiff's union). EEO Charge, ECF No. 17-5. Therefore, according to defendant, the Court cannot consider plaintiff's claims related to discrimination based on color, retaliation, disability based upon anxiety and stress, or any claims based on discriminatory conduct prior to July 2, 2018. Memo at 11.

The Court disagrees. A district court may assume jurisdiction over claims that are "reasonably related" to a charge filed with the EEOC. Stewart v. U.S. I.N.S, 762 F.2d 193, 198 (2d Cir. 1985) (citations omitted). The Second Circuit in Butts v. New York Dept. of Hous. Pres. and Dev., 990 F.2d 1397, 1402 (2d Cir. 1993),[5] described three situations in which claims not raised in an EEO charge are reasonably related to the charge.[6] Here, because the EEOC denied plaintiff's claims as time barred, it did not investigate plaintiff's claims.[7] See EEOC Decision, ECF No. 17-6. Accordingly, defendant's motion to dismiss this action for a lack of subject-matter jurisdiction should be denied. See Atencio v. U.S. Postal Service, 14 Civ. 7929 (GHW), 2015 WL 7308664 at *6–7 (S.D.N.Y. November 19, 2015) (assuming jurisdiction over plaintiff's discrimination claims as reasonably related to her ADA claims brought before the EEOC).

---

[5] Butts was superseded by statute on other grounds, as recognized in Hawkins v. 1115 Legal Serv. Care, 163 F.3d 684 (2d Cir. 1998).

[6] Relevant to this case is the situation that arises when claims raised in the civil action but not the EEO charge would fall within the "scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Id. at 1402 (internal quotation omitted). An investigation into plaintiff's claim of race discrimination would likely have also included investigation of discrimination on the basis of color. Likewise, an investigation into plaintiff's claim of discrimination on the basis of her bipolar disability would likely have included disability based on anxiety and stress. Had the EEOC investigated plaintiff's allegations of disability discrimination, it would have likely inquired about her medical absences, and so plaintiff's claim that defendants retaliated against her for taking sick leave would have been within the scope of the investigation.

[7] A court may consider plaintiff's claims reasonably related to those brought in her EEO charge even if the charge was summarily dismissed by the EEOC as untimely because the purpose of the administrative exhaustion requirement is to give the agency the opportunity to investigate and take remedial action. Tsai v. Rockefeller University, 137 F. Supp. 2d 276, 284 (S.D.N.Y. 2001). As the EEOC had the opportunity to investigate plaintiff's claims, had they done so, that investigation would have likely encompassed plaintiff's other claims.

## II. Equitable Tolling

There is no dispute that plaintiff filed her EEO charge after the 45-day period had expired for all of her discrimination claims. The parties disagree about whether plaintiff is entitled to equitable tolling because she was incapacitated. Memo. at 13–17; Compl. ¶ 39. Defendant argues that plaintiff's explanation of why she was unable to timely file her charge is impermissibly vague and conclusory. Memo. at 14. Defendant also points out that plaintiff took other actions during the relevant period which show that she would have been able to file a timely charge. Id. at 14. For the following reasons, the Court should equitably toll plaintiff's time to file an EEO charge from August 2018 through May 16, 2019, when she ultimately filed her charge. Accordingly, defendant's motion to dismiss plaintiff's complaint for failure to timely file her discrimination claim should be granted in part and denied in part.[8]

An aggrieved federal employee who brings claims under Title VII and the Rehabilitation Act must exhaust their administrative remedies by "initiat[ing] contact with a[n] [EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1). If "a plaintiff fails to file a timely charge with the EEOC, the claim is time-barred." Butts, 990 F.2d at 1401; Boos v. Runyon, 201 F.3d 178, 184-85 (2d Cir. 2000) (dismissing Rehabilitation Act claims for failing to meet the 45-day requirement); Parola v. IRS, No. 98-CV-7179, 1999 WL 1215557, at *5 (E.D.N.Y. Dec. 15, 1999) (dismissing Title VII claims for failing to meet the 45-day requirement).

However, failure to exhaust is not jurisdictional. Fort Bend County, Texas v. Davis, 139 S. Ct. 1843 (2019). Therefore, failure to timely file a charge does not bar the Court from considering

---

[8] As defendant moves to dismiss plaintiff's claims of discrimination based on color, disability related to anxiety and stress, retaliation, and her claims based on conduct prior to July 2, 2018 for lack of subject-matter jurisdiction, the Court does not consider the adequacy of these claims under Rule 12(b)(6).

9

the circumstances surrounding the filing. Downey v. Runyon, 160 F.3d 139, 145–46 (2d Cir. 1998) ("'[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.'") (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)). Federal regulations require that the 45–day requirement be tolled:

> when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have [ ] known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a)(2). "When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." Zerilli–Edelglass v. N.Y.C. Transit Auth., 333 F.3d 74, 80–81 (2d Cir. 2003) (citation omitted). Extraordinary circumstances that justify tolling are ones which prevent a plaintiff in some extraordinary way from exercising their rights. Id. at 80 (citation omitted). The doctrine is "highly case-specific," and the "burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." Boos, 201 F.3d at 184–85. "[A] court must consider the equities of the excuse offered to explain the delay and may extend the limitations period if warranted." Butler v. Potter, 06-CV-3828 (JFB)(WDW), 2009 WL 804722 at *8 (E.D.N.Y., March 26, 2009) (citation omitted).

Here, the Court agrees with defendant that plaintiff's claims arising out of events that occurred before the July 2, 2018 letter should be dismissed because plaintiff did not timely file an

EEO charge within the 45 day time period of those events and does not allege any reason for her failure to do so.

Plaintiff's complaint alleges defendant discriminated against her on "2/2/16, 7/2017, 7/2018, and 9/3/2019,[9] etc." Compl. at 4. As discussed *infra*, the Court reads plaintiff's complaint as alleging that she was incapacitated and prevented from filing a charge with an EEO counselor beginning in August 2018. Plaintiff does not allege a basis for failing to file her EEO charge for defendant's discriminatory acts that occurred more than 45 days prior to her incapacitation. Plaintiff should have filed an EEO charge within 45 days of the 2/2/16 and 7/2017 events. She did not do so. Accordingly, defendant's motion to dismiss plaintiff's complaint for failure to state a claim should be granted in part and plaintiff's claims which arose prior to July 2018 should be dismissed.

Plaintiff was hospitalized from July 11 to August 1, 2018, and was rushed back to the hospital with kidney failure on August 22, 2018; 14 days after defendant terminated her. Compl. ¶ 23; Opp'n, Point IV. It is unclear how long plaintiff remained in the hospital, but she alleges that she received emergency dialysis, and on September 7, 2018, she was re-admitted to the hospital with viral meningitis caused by the emergency dialysis port in her chest. Id. at ¶ 24. Plaintiff alleges that following this hospital stay, she required dialysis three times a week. She also had to learn to walk again because the meningitis infection in her brain and spine had been so severe. Id. ¶ 38. Plaintiff then underwent a kidney transplant on January 22, 2019. Id. ¶ 39. This major surgery required intensive follow up, medication, and testing to make sure that plaintiff's body did not reject the kidney. Id. Plaintiff alleges she did not regain the strength to file the formal EEO

---

[9] Plaintiff's claim regarding 9/3/2019 was a collateral attack on the settlement between USPS and plaintiff's union, which the EEOC rejected, and plaintiff does not pursue here. EEOC Decision; see Compl. ¶ 40.

complaint until May 16, 2019. Id. On top of her serious physical health condition, plaintiff continued to struggle with her anxiety, depression, and bipolar disorder throughout this period. While defendant is correct that plaintiff did not include discrimination on the basis of anxiety and depression in her EEO charge, those conditions are relevant to the Court's consideration of whether plaintiff was incapacitated during the relevant time period. See Tsai v. Rockefeller University, 137 F. Supp. 2d 276, 281–283 (S.D.N.Y. 2001) (considering plaintiff's mental illness in determining whether she was entitled to equitable tolling due to incapacity). Plaintiff alleges that her psychotherapist wrote a letter on July 12, 2018 which supports her claim that she was unable to focus and manage many basic responsibilities because of her depression and anxiety. Compl. ¶ 38. Drawing all reasonable inferences in plaintiff's favor as required on this motion, plaintiff is entitled to equitable tolling as she was incapacitated and unable to file her EEO charge within the 45 days following her termination.

The cases cited by defendant to support their argument that the Court should deny plaintiff equitable tolling are readily distinguishable from this case. Defendant cites to Martin v. Donahoe, 12-CV-672 (JFB)(ARL), 2013 WL 1181437 (E.D.N.Y. March 22, 2013), Stella v. Potter, 02-CV-4940 (NGG)(LB), 2009 WL 792177 (E.D.N.Y. March 23, 2009), and Boos v. Runyon, 201 F.3d 178 (2d Cir. 2000) stating that plaintiff's allegations are too vague and self-serving to justify equitable tolling. Memo. at 15. However, each of the cited cases was decided on summary judgment, where the Court had the benefit of a full evidentiary record to find that no genuine issue of material fact was raised regarding equitable tolling. See Martin, 2013 WL 1181437 at *1; Stella, 2009 WL 792177 at *1; and Boos, 201 F.3d at 180. The standard here is of course different. To avoid dismissal on a Rule 12 motion, plaintiff need only "nudge[] [her] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Given the severity of plaintiff's physical

12

and mental disabilities, it is at the very least plausible that she was incapacitated from August 22, 2018 to May 16, 2019, when she filed her EEO charge.

Furthermore, the Court finds that plaintiff's incapacity was based at least in part on her mental illness. The Second Circuit has recognized that a court should not resolve fact specific equitable tolling issues related to mental illness on a motion to dismiss. "[T]he best practice is to analyze a question of mental incapacity in the context of a [motion for] summary judgment." Mandarino v. Mandarino, 180 F. App'x 258, 261 (2d Cir. 2006);[10] see also Szuszkiewicz v. JPMorgan Chase Bank, 12 F. Supp. 3d 330, 339 n.5 (E.D.N.Y. 2014) ("[t]he Second Circuit has repeatedly admonished that questions of mental capacity should not be resolved on a motion to dismiss.").[11]

The Court notes that plaintiff's allegations of incapacity due to mental illness are much stronger than those of the plaintiffs in the cases cited by defendant. In those summary judgment cases, plaintiffs failed to present any evidence of their mental condition other than vague statements. Martin, 2013 WL 1181437 at *5 (plaintiff offered no evidence beyond his statement that he suffered from a "major depressive disorder"); Stella, 2009 WL 792177 at *8 (plaintiff offered no evidence beyond the statement that "I would have taken care of my EEO better but because of my serious depression I was unable to"); and Boos, 201 F.3d at 185 ("Boos offers no more than a statement that she suffers from 'paranoia, panic attacks, and depression.'"). In this case, plaintiff describes her depression and anxiety as well as their treatment with specificity, discusses the way these disorders were exacerbated by her physical conditions, and alleges that

---

[10] Mandarino is a non-precedential summary opinion, but its reasoning and holding are persuasive. See Koehler v. Metropolitan Transportation Authority, 214 F. Supp. 3d 171, 175 (E.D.N.Y. 2016) (a district Court should not disregard the guidance of a Second Circuit non-precedential summary opinion).

[11] Defendant's counsel should have noted that the District Court in Stella had previously granted defendant's 12(c) motion for judgment on the pleadings regarding whether plaintiff was incapacitated because of his mental illness and that decision was vacated by the Second Circuit. Stella v. Potter, 297 F. App'x 43, 45–46 (2d Cir. 2008).

her psychotherapist wrote a letter which states that plaintiff was unable to focus on and respond to many basic responsibilities due to her mental illness. See generally, Compl.

As plaintiff alleges a combination of both mental and physical conditions, plaintiff's case is akin to that of the plaintiff in Tsai, 137 F. Supp. 2d 276. In Tsai, plaintiff had worked as a research assistant at Rockefeller University for 18 years. Id. at 278. Tsai suffered from Hepatitis B and cirrhosis of the liver and was eventually terminated because of her absences from work due to her illnesses. Id. at 278–279. Tsai suffered a "nervous break-down due to the unjustified termination" and did not file an EEO complaint until approximately three years after she was terminated.[12] Id. at 279, 281. Defendant moved to dismiss Tsai's complaint as untimely, and Tsai argued that she was entitled to equitable tolling because the combination of her mental and physical illnesses rendered her incapacitated. Id. at 281–282. The Court held that "[a]t this preliminary stage, plaintiff has sufficiently alleged a combination of physical and mental conditions to warrant tolling." Id. at 282. Like in Tsai, this Court finds that plaintiff has sufficiently alleged a combination of conditions to warrant tolling of the 45-day time limit.

Defendant also argues that because plaintiff called the USPS EEO office twice, on August 25, 2018 and October 16, 2018, and travelled to dialysis three times a week during the period from August 22, 2018 to January 22, 2019, plaintiff was not in fact incapacitated during this time. Memo at 15–16. Again, Tsai is instructive. In that case, approximately a year after her termination, Tsai filed for disability benefits and consulted a lawyer regarding her discriminatory termination claim. Tsai, 137 F. Supp. 2d at 282. However, the Court reasoned that plaintiff filing for disability benefits is non-adversarial and very different from filing a EEO charge, and noted that Tsai did not proceed

---

[12] Because Tsai was not a federal employee, the statute of limitations for her discrimination charge was 300 days, rather than the 45 days for plaintiff here. See Braham v. State Ins. Fund, 97 Civ. 7121, 1999 WL 14011, at *2 (S.D.N.Y. Jan. 14, 1999).

14

past the initial consultation with a lawyer. Thus, the Court found that Tsai's actions did not undermine her claim of incapacity. Id. at 281–283. Likewise here, plaintiff attempted to contact the EEO office, but failed to pursue her claim. Plaintiff's failure to follow through does not preclude a finding that plaintiff was incapacitated during this time.[13] Furthermore, the Court finds no merit in defendant's argument that plaintiff was not incapacitated as she was able to obtain necessary life-saving medical treatment by undergoing dialysis. Plaintiff would have died without dialysis; the same cannot be said about her filing of the EEO charge.

## CONCLUSION

Accordingly, defendant's motion to dismiss should be granted in part and denied in part. Plaintiff is entitled to equitable tolling beginning in August 2018 for her claims brought under the Title VII and the Rehabilitation Act. Defendant's motion to dismiss should be granted regarding plaintiff's claims prior to July 2018 and denied regarding plaintiff's claims arising after July 2018.

---

[13] Viewed in the light most favorable to her, these phone calls show plaintiff's diligence in attempting to grieve her claim although she was not well enough to follow through at the time. See Zerilli–Edelglass, 333 F.3d at 80–81 (requiring a plaintiff seeking equitable tolling to demonstrate reasonable diligence during the time period sought to be tolled).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections (and any responses to objections) shall be filed with the Clerk of the Court.  Any request for an extension of time to file objections must be made within the fourteen-day period.  Failure to file a timely objection to this Report generally waives any further judicial review.  Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 aF.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                       /S/  
                                          LOIS BLOOM  
                                          United States Magistrate Judge

Dated: August 3, 2021  
       Brooklyn, New York