**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

JENNNIFER MCPHERSON,

                      Plaintiffs,

    -against-

LOUIS DEJOY,
POSTERMASTER GENERAL, et al.,

                      Defendants.

**MEMORANDUM & ORDER**
CV 19-7139 (GRB)(LB)

**FILED**
**CLERK**
11:19 am, Sep 20, 2021
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

-----------------------------------------------------------------X

**GARY R. BROWN, United States District Judge:**

    Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Lois Bloom (incorporated herein and familiarity assumed) concerning defendants' motion to dismiss. Docket Entry ("DE") 18.  The Government has objected, while plaintiff, acting *pro se*, has not responded thereto or otherwise objected.  DE 20.  The R&R, which recommends granting in part and denying in part the motion, is adopted in its entirety.

    In reviewing an R&R, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Where a party makes specific and timely objections to a magistrate judge's findings or recommendations as to dispositive motions, the district court must apply a *de novo* standard of review to the portions of the R&R to which the objection is made.  Fed. R. Civ. P. 72(b); *see also LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010);  28 U.S.C. § 636(b)(1).  However, "general or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *Caldarola v. Town of Smithtown*, No. 09-CV-272 (SJF) (AKT), 2011

WL 1336574, at *1 (E.D.N.Y. Apr. 4, 2011) (citations omitted).  In the absence of objections, the Court may adopt an R&R without *de novo* review.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections).

## Discussion

The net effect of the R&R is to dismiss most of plaintiff's claims, leaving only a small window of actionable conduct – essentially, certain events that occurred in July and August 2018 remain subject to suit.  Defendants' objection focuses exclusively on Judge Bloom's determination that, while it remains undisputed that plaintiff did not timely file an EEO claim, equitable tolling allows the matter to proceed at this stage.

Defendants forcefully argue that Judge Bloom incorrectly applied the presumptions associated with a Rule 12 motion in reaching the preliminary conclusion that equitable tolling applies at this juncture.  *See, e.g.*, DE 20 at 19 ("[A]pplying the standard generally applicable to determining a Rule 12(b)(6) motion, which looks soley [sic] at the sufficiency of the facts alleged in the complaint vis-à-vis the substantive legal claims alleged, to the determination of whether equitable tolling is justified would effectively eviscerate the doctrine of equitable tolling."). Notwithstanding the superficial appeal of this argument, the approach taken by the Magistrate Judge fully comports with the direction of the Second Circuit:

> Despite these deadlines, this Court has recognized that mental illness can be a basis for tolling the limitations period. *See Boos*, 201 F.3d at 184. Stella claims that his

> mental illness prevented him from timely notifying an EEO counselor, specifically that he had been "depressed" and "in a trance" for the last twelve years. Because the District Court dismissed this case pursuant to Rule 12(c), it should have accepted all the allegations in the complaint as true and drawn all inferences in Stella's favor, including the allegation that Stella was unable to comply with subsequent time limits because of his mental illness. . . . [B]ased on the record before this Court, the District Court, at this 12(c) stage, abused its discretion.

*Stella v. Potter*, 297 F. App'x 43, 45-46 (2d Cir. 2008).

Defendants correctly point out that – particularly on the present motion – plaintiff has made a limited showing to support the application of equitable tolling. However, when considered in conjunction with the allegations of the complaint, plaintiff has asserted that she had some extraordinary medical setbacks during the subject period, which were complicated by psychiatric conditions. *See generally* DE 1 and 17-9. "When, as here, the facts are disputed, the best practice is to analyze a question of mental incapacity in the context of summary judgment." *Mandarino v. Mandarino*, 180 F. App'x 258, 261 (2d Cir. 2006). Indeed, in vacating a dismissal based on statute of limitations grounds, the *Mandarino* decision noted:

> Plaintiff alleged that he suffered from a mental disability that deprived him of his "ability to perceive events," Compl. ¶ 13, and that fact must be presumed to be true on a motion to dismiss, *see Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 165 (2d Cir. 2005), even if the lawsuits of which the Court took judicial notice suggested that plaintiff's claims would be unlikely to survive summary judgment. Plaintiff was entitled to an opportunity to adduce evidence supporting his equitable tolling claim—specifically, evidence demonstrating how he could have been mentally incapable of timely pursuing this action at the same time that he was able to pursue other lawsuits. We, of course, express no view as to the likelihood of plaintiff making a satisfactory showing on this point. We note, however, that the District Court would act well within its discretion on remand if it required plaintiff to make this evidentiary showing before proceeding further with the case. We further emphasize that to secure the benefits of equitable tolling, plaintiff must present evidence that supports more than a "conclusory and vague" claim of mental incapacity. *Boos*, 201 F.3d at 185. Rather, the evidence must provide a "particularized description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights." *Boos*, 201 F.3d at 185; *see also Brown v. Parkchester S. Condos.*, 287 F.3d 58, 60 (2d Cir.2002). Anything less will warrant summary judgment in favor of the defendants.

While *Mandarino* and *Stella* are both unpublished decisions, the guidance seems clear. Judge Bloom's decision hits the mark.

### Conclusion

The R&R is adopted in its entirety. The matter is referred to Judge Bloom for the supervision of discovery. Considering the issues raised, however, that discovery process should prioritize the issues bearing upon equitable tolling, in order to prepare the matter for a summary judgment motion or an evidentiary hearing on the question.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated: Central Islip, New York
September 20, 2021

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge