UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JENNIFER MCPHERSON,

                            **REPORT & RECOMMENDATION**

         Plaintiff,                         **19 CV 7139 (GRB)(LB)**

  -against-

LOUIS DEJOY, *Postmaster General*,

         Defendant.
---------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

Plaintiff Jennifer McPherson, proceeding *pro se*, brought this employment discrimination case against Louis DeJoy,[1] Postmaster General, under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 *et seq*. Plaintiff alleges that during her employment with the United States Postal Service, defendant discriminated against her by terminating her, failed to accommodate her physical and mental disabilities, subjected her to unequal terms and conditions of employment, and retaliated against her. ECF No. 1. For the reasons set forth below, I respectfully recommend that this case should be dismissed pursuant to Federal Rule of Civil Procedure 25(a)(1).

## PROCEDURAL HISTORY[2]

Plaintiff commenced this action on December 19, 2019. ECF No. 1. Defendant moved to dismiss the complaint on December 9, 2020. ECF No. 17. On August 3, 2021, I recommended that defendant's motion should be granted in part and denied in part. Report & Recommendation

---

[1] Plaintiff initially brought this action against defendant DeJoy's predecessor, Megan J. Brennan. Pursuant to the Federal Rule of Civil Procedure 25 ("Fed. R. Civ. P."), Louis DeJoy was automatically substituted as defendant when he assumed the office of Postmaster General in June 2020. See Answ., ECF No. 24 at 1 n.1.

[2] The Court assumes the parties' familiarity with the underlying facts of this matter for the purposes of this Report and Recommendation.

1

("R&R"), ECF No. 18. The Honorable Gary R. Brown adopted the R&R in its entirety and referred the matter to me for discovery. ECF No. 21.

On October 19, 2021, I held the initial conference with the parties and directed defendant to answer the complaint. ECF No. 23. Defendant answered on November 3, 2021. ECF No. 24. On January 11, 2022, the Court granted plaintiff *pro bono* counsel to represent her for the limited purpose of discussing settlement and to conduct discovery on the issue of equitable tolling of the statute of limitations. ECF Nos. 28–30. The Court notes the exemplary assistance of *pro bono* attorney Amelia T.R. Starr from Davis, Polk & Wardwell. On September 8, 2022, the parties filed a letter noting that while they remained open to settlement, they were unable to agree on the terms, and requested a conference to provide a more detailed status report regarding settlement discussions. ECF No. 42. At a conference with the parties on October 6, 2022, I discussed the obstacles to reaching settlement and adopted the parties' proposed discovery deadlines.

On March 10, 2023, plaintiff's *pro bono* counsel informed the Court that plaintiff had sadly passed away on February 2, 2023, and that they were conferring with plaintiff's surviving family members about the possibility of a substitution of parties under Fed. R. Civ. P. 25(a). ECF No. 50. On March 31, 2023, plaintiff's counsel reported that plaintiff's mother had indicated that surviving family members wanted to continue to prosecute Ms. McPherson's case. ECF No. 51. Counsel also noted their intent to withdraw as *pro bono* counsel, as they had agreed to take on Ms. McPherson's case on a limited representation basis. ECF No. 51.

I held a conference in this matter on April 25, 2023, at which *pro bono* counsel for Ms. McPherson and Ms. McPherson's mother and daughter attended. I granted counsel's motion to withdraw and explained to Ms. McPherson's mother and daughter that, in order to pursue this action on Ms. McPherson's behalf, they would need to retain counsel to represent her estate.

ECF No. 52. I provided Ms. McPherson's mother and daughter until July 24, 2023 to retain counsel as representatives of Ms. McPherson's estate and to file a motion for substitution pursuant to Fed. R. Civ. P. 25(a)(1). I noted that if Ms. McPherson's surviving family members did not move to substitute by July 24, 2023, I would recommend that the action should be dismissed pursuant to Fed. R. Civ. P. 25(a)(1). As no motion for substitution has been made, defendant now requests dismissal of this action. ECF No. 54.

## DISCUSSION

Under Federal Rule of Civil Procedure 25(a)(1), when a party dies "the Court may order substitution of the proper party." If a "motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." FED. R. CIV. P. 25(a)(1). The statement noting death is intended to provide notice of a party's death to the remaining parties and need not be filed by a party or the decedent's representative. Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 469-70 (2d Cir. 1998). Once this notice is provided, remaining parties are given 90 days to "take appropriate action." Id. at 470. Upon a showing of good cause, the Court may grant a request for an extension of time to move for substitution. Louis v. Wright, 333 F.R.D. 19, 22 (E.D.N.Y. 2017). However, if a motion for substitution is not "timely filed, dismissal is mandatory." See id. (citing Bussey v. City of New York, No. 15-CV-3790, 2016 WL 3277363, at *1 (E.D.N.Y. May 23, 2016) Report and Recommendation adopted by 2016 WL 3469843 (E.D.N.Y. June 14, 2016).

In the instant matter, plaintiff's counsel filed a suggestion of death upon the record on March 10, 2023. ECF No. 50. I held a conference on April 25, 2023, during which time plaintiff's *pro bono* counsel expressed how courageous Ms. McPherson was and what a privilege it had been to represent her in this action. I too expressed my sincere condolences to Ms.

3

McPherson's family, but noted that plaintiff's mother and daughter would need to retain counsel to represent Ms. McPherson's estate, as estate representatives "may not proceed [without attorney representation] when the estate has beneficiaries or creditors other than the litigant." Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997). I directed plaintiff's family members to file a motion for substitution within 90 days, by July 24, 2023. ECF No. 52. As no motion for substitution has been made, dismissal is mandatory under Fed. R. Civ. P. 25(a)(1).

## CONCLUSION

Although Ms. McPherson's surviving family members have not moved for substitution in this matter, Ms. McPherson's pursuit of justice was an example of her courage and her strength. Despite her debilitating illness, she was determined to be heard. She was heard. Her memory should be a blessing to her family.

For the foregoing reasons, it is respectfully recommended that this case should be dismissed pursuant to Federal Rule of Civil Procedure 25(a)(1). The Clerk of Court is respectfully directed to send Ms. Amma Pickle a copy of this Report & Recommendation at the address *pro bono* counsel provided in her April 26, 2023 letter, ECF No. 53.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                /S/
                                      LOIS BLOOM
                                      United States Magistrate Judge

Dated: August 15, 2023
       Brooklyn, New York